UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD SWAPP,<br><br>                           Plaintiff,<br>     v.<br><br>WELLS FARGO BANK, National Association, et al.,<br><br>                           Defendants. | Case No. 2:12-cv-00179-MMD-PAL<br><br>ORDER<br><br>(Defs.' Motion to Dismiss – dkt. no. 8;<br>Defs.' Motion to Expunge – dkt. no. 10;<br>Defs.' Motion for Decision – dkt. no. 27) |

Before the Court are Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motions to Dismiss and to Expunge Lis Pendens (dkt. nos. 8 and 10), as well as Wells Fargo's Motion for Decision (dkt. no. 27).

**I.    BACKGROUND**

    **A.    Factual Background**

Plaintiff Ronald Swapp purchased the property located at 1534 Teramo Street, Henderson, Nevada 89052, on or about October 10, 2006. On November 1, 2006, Swapp obtained a loan of $999,999 ("the Loan") from Wells Fargo and executed a promissory note ("Note"), which was secured by a deed of trust on the property ("Deed of Trust") for $999,999. (Dkt. no. 9-1.) The Deed of Trust names Wells Fargo as lender and designates United Title of Nevada as trustee. (*Id.*) The Deed of Trust was recorded on November 3, 2006, in the official records of Clark County, Nevada. (*Id.*) A second Deed of Trust was recorded on November 3, 2006. (Dkt. no. 9-2.) The second Deed of

Trust secured a $425,000 loan from Wells Fargo, and names American Securities Company of Nevada as trustee. (*Id.*)

On June 30, 2009, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was recorded by National Default Servicing Corporation ("National Default"). (Dkt. no. 9-3.) The Notice indicates that Swapp had been in default since February 2009 and owed more than $36,000 in mortgage obligations. (*Id.*)

On October 27, 2010, a second Notice of Default and Election to Sell Under Deed of Trust ("Second Notice of Default") was recorded by National Default specifying a default of over $146,000. (Dkt. no. 9-4.) That same day, National Default executed a Notice of Rescission of Notice of Default wherein it rescinded the June 30, 2009, Notice of Default. (Dkt. no. 9-5.)

On February 22, 2011, Wells Fargo executed a Corporation Assignment of Deed of Trust ("the Assignment") transferring all beneficial interest under the Deed of Trust to Bank of America, N.A. ("Bank of America"). (Dkt. no. 9-6.) The Assignment was recorded in Clark County on May 16, 2011. (*Id.*)

Also on February 22, 2011, a Substitution of Trustee ("the Substitution") was executed substituting United Title of Nevada for National Default. (Dkt. no. 9-7.) The Substitution was also recorded on May 16, 2011, and was signed by Olivia A. Todd, President of National Default. (*Id.*) The signature was on behalf of "Bank of America, National Association by its attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc., by its attorney in fact National Default Servicing corporation." (*Id.*)

National Default executed a Notice of Trustee's Sale ("Notice of Sale") on May 12, 2011, setting a sale date of June 7, 2011. (Dkt. no. 9-9.) The Notice of Sale was recorded on May 16, 2011. (*Id.*)

A second Notice of Trustee's Sale ("Second Notice of Sale") was executed by National Default on September 9, 2011, and recorded on October 3, 2011. (Dkt. no. 9-10.) The Second Notice of Sale set an October 25, 2011, sale date. (*Id.*)

2

### B. Procedural History

On February 24, 2011, a foreclosure mediation was held in accordance with the State of Nevada's Foreclosure Mediation Program. (*See* dkt. no. 9-13.) The Foreclosure Mediation Statement stated that both Swapp and his attorney failed to attend the mediation, and failed to provide the necessary documents for the mediation. (*Id.*) Swapp alleges that the mediator did not accommodate the scheduling constraints of Swapp's attorney and did not notify Swapp and his attorney of the mediation date. (Dkt. no. 1-A at ¶ 16.)

On May 5, 2011, the State of Nevada Foreclosure Mediation Program issued a Certification stating that the Grantor or title holder did not attend the Foreclosure Mediation Conference or failed to produce the necessary disclosure forms, and authorizing the beneficiary to proceed with the foreclosure process. (Dkt. no. 9-8.) The Certificate was recorded on May 16, 2011.

Swapp filed a Petition for Judicial Review on May 19, 2011, in the District Court of Clark County, Nevada. After a hearing on a motion for an order to show cause, the District Court judge ruled in a "Findings of Fact Conclusions of Law and Order" that Swapp's petition was untimely filed and his failure to appear at the mediation "was without legal excuses." (*See* dkt. no. 9-14.) It ruled that a Letter of Certification of the foreclosure will issue. (*Id.*)

Swapp filed this Complaint on January 27, 2012, in the District Court of Clark County, Nevada, alleging improper foreclosure and seeking declaratory and injunctive relief nullifying current foreclosure proceedings and prohibiting future unlawful foreclosure actions. Wells Fargo removed the action to this Court on February 2, 2012.

### C. Swapp's Bankruptcy

Swapp filed a Chapter 13 Bankruptcy on October 19, 2011. After a filing of a motion to convert the Chapter 13 bankruptcy petition to a Chapter 7 petition, the bankruptcy court granted the conversion on January 24, 2012. On February 14, 2012, Swapp filed an Amended Bankruptcy Petition. The bankruptcy stay in place as to Bank

of America expired pursuant to a February 1, 2012, bankruptcy court order.  (*See* dkt. no. 9-15.)

## II.  LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged– but not shown– that the pleader is entitled to relief."  *Id.* at 679 (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

///

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

On a motion to dismiss, the Court takes judicial notice of attached copies of relevant publicly recorded documents. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

## III. DISCUSSION

### A. Wells Fargo's Motion to Dismiss (dkt. no. 8)

Wells Fargo brings this Motion seeking dismissal of all claims under Fed. R. Civ. P. 12(b) and, in the alternative, seeking summary judgment pursuant to Fed. R. Civ. P. 56. Wells Fargo argues that Swapp is equitably estopped from pursuing these claims. Wells Fargo further argues that Swapp's claims on the merits fail because *inter alia* the later-filed Substitution of Trustee validates National Default's Notice of Default, and Swapp's wrongful foreclosure claim fails because of Swapp's inability to tender full payment for his deficiencies. At bottom, the merits of this dispute revolve around the authority of National Default to institute foreclosure proceedings without first being identified as a trustee in a recorded substitution of trustee document. While the collateral estoppel issues surrounding the mortgage foreclosure mediation program and the bankruptcy filing add additional layers of complexity to this case, the Court needs not decide those issues. Assuming without deciding that Wells Fargo's arguments on estoppel fail, Swapp cannot state a claim for relief under NRS 107.080.

"NRS 107.080 does not require that a particular party—trustee, beneficiary, or their assigns—record notices of default or trustee sale." *Berilo v. HSBC Mortg. Corp., USA*, No. 2:09-CV-2353, 2010 WL 2667218, at *4 (D. Nev. June 29, 2010). "Nor does Nevada law require a substitution of trustee be recorded prior to a notice of default." *Id.*

5

The law only requires that a party filing a notice of default be an agent of the beneficiary. *Nev. ex rel. Bates v. Mortgage Elec. Registration Sys., Inc.*, No. 3:10-CV-00407, 2011 WL 1582945, at *5 (D. Nev. Apr. 25, 2011) ("[A]ny party [the beneficiary] commands to file a notice of default is by that fact alone a proper party as the beneficiary's agent.").

Swapp carries a significant burden if he attempts to demonstrate that National Default was not an agent acting under the authority of Wells Fargo or its successor Bank of America at the time the Notice of Default issued. But even if he were to succeed in demonstrating that "a rogue title company [National Default] file[d] a notice of default without the knowledge of the beneficiary—the Court has not yet seen such a case—the filing becomes proper if the beneficiary later ratifies the act after discovering what has occurred." *Bates*, 2011 WL 1582945, at *5 (citing *Edwards v. Carson Water Co.*, 34 P. 381, 386-89 (Nev. 1893). Here, the fact that National Default was later substituted as a trustee "is practically insurmountable evidence of ratification," the agency doctrine that allows for a principal to retroactively authorize an actor's prior conduct. *Id.*; *see* Restatement (Third) of Agency § 4.03.

Swapp's citation to *Corral v. Homeeq Servicing Corp.*, No. 2:10-cv-465, 2010 WL 3927660 (D. Nev. Oct. 6, 2010) is inapposite. There, the court allowed the borrower's action to proceed over a motion to dismiss because the trustee issued a notice of default without any record of its agency status or a substitution of trustee. *Id.* at *6. The court qualified its decision by noting that "Defendant may be able to demonstrate that there was no statutory defect—and thus no unlawful foreclosure—by providing evidence showing that the beneficiary or trustee, or an agent thereof, at the time [the trustee] filed the NOD caused [the trustee] to file the NOD." *Id.* Here, Wells Fargo provided that evidence in the form of the later-filed Substitution.

Accordingly, Swapp's Complaint fails to state a claim upon which relief can be granted, and must be dismissed. Swapp's quiet title action fails, as no "cloud" on the title of the Property exists; the foreclosure process was statutorily sound. Swapp's second cause of action alleging wrongful foreclosure fails as a matter of law, for a wrongful

foreclosure action requires a plaintiff "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Since Swapp does not allege that he is current with his mortgage payments, no wrongful foreclosure action may proceed. The Court construes Swapp's third and fourth causes of action as defective foreclosure claims that challenge, under NRS § 107.080, the foreclosure process undertaken by Defendants. But for the reasons discussed above, National Default properly initiated foreclosure proceedings.

### B.  Wells Fargo's Motion to Expunge Lis Pendens (dkt. no. 10)

NRS § 14.015 provides that once a notice of pendency has been filed, the defendant may request a hearing in the notice at which time the party who recorded the notice must show, by affidavits or other evidence, the following: (a) the action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice; (b) the action was not brought in bad faith or for an improper motive; (c) he will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property; and (d) he would be injured by any transfer of an interest in the property before the action is concluded. Wells Fargo has challenged the notice of pendency. As Swapp has failed to produce evidence to show that he filed the notice of pendency on proper grounds, the Court must grant Defendants' Motion to Expunge Lis Pendens.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant Wells Fargo's Motion to Dismiss Plaintiff Ronald Swapp's Complaint (dkt. no. 8) is GRANTED with prejudice.

IT IS FURTHER ORDERED that Defendant's Motion to Expunge Lis Pendens (dkt. no. 10) is GRANTED. Any Lis Pendens or Notice of Pendency recorded by Plaintiff in connection with this lawsuit be expunged, extinguished, and/or released.

IT IS FURTHER ORDERED that Defendant's Request for Decision (dkt. no. 27) is DENIED as moot.

DATED THIS 29th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE